```
 1
 2
 3
 4
 5                         UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
 6                                    AT SEATTLE

 7   ANN TOMKINS as Personal
     Representative of the ESTATE OF
 8   FLORENCE TOMKINS, a Washington
     Resident,
 9
                          Plaintiff,
10                                                    C18-1488 TSZ
          v.
11                                                    MINUTE ORDER
     RELIASTAR LIFE INSURANCE
12   COMPANY, a Minnesota corporation,

13                        Defendant.
```

14
      The following Minute Order is made by direction of the Court, the Honorable
15 Thomas S. Zilly, United States District Judge:

      (1)     Plaintiff's Motion for Reconsideration, docket no. 53, is DENIED. Plaintiff
16 urges the Court to reconsider its ruling granting Defendant's Motion for Summary
Judgment with prejudice. Reconsideration is appropriate "in the face of the existence of
17 new evidence, an intervening change in the law, or as necessary to prevent manifest
injustice." *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003). "Whether or
18 not to grant reconsideration is committed to the sound discretion of the court." *Id.*
Plaintiff asserts that reconsideration is appropriate because, in making its ruling, the
19 Court relied on inaccurate assertions that Defendant made for the first time at oral
argument that "Reliastar for the first time took the position that it had never
20 acknowledged that it actually owed the Estate of Florence Tomkins the remaining
$11,259.49 FPA balance." Motion for Reconsideration, docket no. 53 at 3. The Court
21 did not rely on these arguments because the statute of limitations began to run long
before the correspondence in 2015 occurred. Plaintiff asserts that Reliastar may have
22

23

MINUTE ORDER - 1

owed Plaintiff a final supplementary annuity contract using funds in the FPA which were alleged to be $11,259.49 in 2003.  In support of the Motion to Reconsider, Plaintiff presents financial records showing that Reliastar may not have made this final payment.  Ex. 1 to Chambers Decl. (docket no. 45-1 at 1).  Plaintiff also alleges that, according to its terms, the FPA still has not terminated because Reliastar never purchased the final supplementary annuity in 2003.  By disputing the date of the FPA's termination, Plaintiff argues that her claims could not run until June 2013 at the earliest and in the alternate, that the FPA "still has not terminated."  Plaintiff's Motion for Reconsideration, docket no. 53 at 5-6.  However, the accrual date of Plaintiff's breach of contract claim is unrelated to the FPA's termination date.  As the Court previously ruled, a breach of contract action accrues upon breach.  *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wash. 2d 566, 576 (2006) (en banc).  As the Court noted in the oral ruling, in 1992, the insurance company sent a statement, Exhibit C to the Leigh Declaration, docket no. 35, that put Ms. Berg on notice that interest was paid at less than 12 percent per year.  The statute of limitations began to run at that time.  In the alternative, at the very latest, the statute of limitation began to run on April 5, 2005, the date that the FPA terminated.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 6th day of January, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2